IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANDON YOUNG, *et al.*,

    Plaintiffs,

v.                                                           Civ. No. 22-541 WJ/GBW

H.H. ELECTRICAL, LLC,

    Defendant.

## ORDER SETTING SETTLEMENT CONFERENCE

**IT IS HEREBY ORDERED that <u>all parties and counsel who will try the case shall appear</u>** before me in the Organ Courtroom at the United States Courthouse, 100 North Church Street, Las Cruces, New Mexico, **on April 21, 2023, at 10:30 a.m.**[1] An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).[2] *See* D.N.M.LR-CIV. 16.2(c).

A party's personal appearance is intended to increase the efficiency and

---

[1] Counsel are required to confer to identify any nonparties who have an interest in the case, including but not limited to primary and excess liability insurance carriers, subrogees, and lienholders.  Counsel must provide written notice (with a copy to the Court) to all such interested nonparties informing them of the date, time, and location of the settlement conference, and that their participation is strongly encouraged.
[2] A governmental agency satisfies this requirement if its representative in attendance has, to the greatest extent feasible, authority to settle, and is knowledgeable about the facts of the case, the governmental agency's position, and the procedures and policies under which the agency decides whether to accept proposed settlements.

effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement. An excusal request must be made in writing 9 calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

**At least 21 calendar days** prior to the date of the settlement conference, Plaintiffs' counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiffs assert will allow them to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of the principles supporting those damages; and (d) a settlement demand. **At least 14 calendar days** before the settlement conference, defense counsel shall serve on Plaintiffs' counsel a letter that sets forth at least the following information: (a) any points in Plaintiffs' letter with which the defense agrees; (b) any points in Plaintiffs' letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[3] Each of these letters typically should be 5 pages or fewer, and counsel will ensure that each party reads the opposing party's letter before the settlement conference. Plaintiffs' counsel shall provide copies of these letters to my chambers **no later than 9 calendar days** before the conference.

---

[3] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

In addition, **at least 9 calendar days**[4] before the conference, each party must provide me, in confidence, a concise letter (typically no more than 4 pages) that shall contain an analysis of the strengths and weaknesses of its case.  As should be apparent, this confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  In addition to discussing the case, these letters should also list the individuals who will attend the settlement conference for that party and a brief statement as to their role/position in the case.  In particular, if an insurer is a party in interest in the case but does not intend to send a representative to the settlement conference because the insurer has given an individual attending the conference authority to act on the insurer's behalf, then the letter should indicate this fact explicitly.

Furthermore, if any party has in its possession any relevant video or audio recordings of the incident upon which this action is based, or any other relevant exhibits, that party must send me a copy **at least 9 calendar days** before the conference.[5]

When sending the above-described letters and exhibits to the Court, the parties

---

[4] Therefore, barring intervening holidays, these documents must be received a calendar week before the conference.

[5] All exhibits must be labeled in the following form: Exhibit Number_Date of Recording_Description. For example, a proper label might read: Pltf's Exhibit 5_12-02-18_Traffic Stop Cell Phone Video. If relevant materials are part of a larger recording or document, please only provide the relevant portion. The Court will not parse through excess materials in order to extract relevant information within submissions.

may do so by mail, or by electronic mail to wormuthproposedtext@nmd.uscourts.gov).[6] However the item is sent, it must arrive in my chambers by the deadline. It is not necessary to send an original if the item is also sent electronically. A $100 fine for each day a party misses any of the above deadlines (including those for letters exchanged between the parties) will be assessed unless a request for an extension is approved by the Court.

    Confidentiality is essential to the settlement negotiation process. To that end, counsel, the parties, and any other persons who attend the settlement conference must treat as confidential information: (1) the contents of all settlement offer and demand letters exchanged between the parties; (2) anything written or said during the settlement conference; and (3) any position taken by the parties during the settlement conference, including any view of the merits of the case formed by any participant. Such confidential information must not be disclosed to anyone not involved in the settlement negotiation process, including the presiding judge. Further, such confidential information shall not be discoverable, subject to compulsory process, or used for any purpose outside of limited exceptions, which are enumerated below.

    Exceptions to the bar on disclosure of confidential information include: (1) disclosures to which all parties have stipulated; (2) disclosure of an agreement, by all

---

[6] The Court cannot accept materials via Google Drive or similar applications. Therefore, any digital files that are too large to send by email must be downloaded onto a USB and sent to the Court by post.

parties to the agreement, which appears to constitute a settlement contract, if necessary in proceedings to determine the existence of a binding settlement contract; (3) disclosures necessary to determine whether a participant in the settlement conference violated the Local or Federal Rules or the terms of this or any other Court Order; (4) disclosures made to personnel of the Court who are authorized to make appropriate requests for information regarding the settlement conference; or (5) disclosures as are otherwise required by law.  Finally, confidential information may be disclosed pursuant to a determination by a court that such disclosure is necessary to (a) prevent manifest injustice, (b) help establish a violation of law or ethical violation, or (c) prevent harm to the public health or safety, of such magnitude in the particular case as to outweigh the countervailing interest in maintaining the integrity of dispute resolution proceedings by assuring that settlement-related communications remain confidential.

     The parties (and parties' representatives) are reminded that they are prohibited from bringing cell phones (and certain other electronic equipment) into the United States Courthouse absent an order of the Court granting permission to do so.[7]  See D.N.M.LR-Civ. 83.1.  The parties must file a motion requesting such permission **at least 4 calendar days** prior to the settlement conference and the motion must explain the reason permission should be granted.  Any person granted such permission must bring a physical copy of the Court's order to the courthouse, and must present it to the court

---

[7] This prohibition does not apply to counsel.  *See* D.N.M.LR-Civ. 83.1(c).

security officers upon arrival.

As the settlement conference approaches, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE